WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
(732) 855-6034
Maureen S. Binetti (MB-7897)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------X
                               :
VAL C. DEAN, M.D.              :
                               :
        Plaintiff,             :   Civil Action No. 07-cv-
                               :   _____
v.                             :
                               :
AVETA, INC.                    :   **COMPLAINT AND JURY DEMAND**
                               :
        Defendant.             :
                               :
-------------------------------X

Plaintiff, Val C. Dean, M.D. (hereinafter "Dr. Dean" or "plaintiff"), as and for his Complaint against defendant, Aveta, Inc. (hereinafter "Aveta" or "defendant"), states as follows:

### Parties, Jurisdiction, And Venue

1.   Defendant Aveta is a Delaware corporation whose principal place of business is in Fort Lee, New Jersey.  Aveta owns MMM Healthcare, Inc. ("MMM"), a Medicare Health Maintenance Organization that does business under the name Medicare y Mucho Mas in Puerto Rico.

2.   Plaintiff Dr. Dean is a resident of the Commonwealth of

Puerto Rico. Plaintiff has extensive leadership experience in all aspects of the managed care business.

3. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### General Allegations

5. In April 2005, defendant Aveta hired plaintiff to serve as the Chief Executive Officer of MMM.

6. On or about April 18, 2005, plaintiff and MMM entered into a written Employment Agreement.

7. Under the terms of the Employment Agreement, plaintiff was to serve as MMM's Chief Executive Officer ("CEO") until December 31, 2008.

8. In return, plaintiff was to receive a base salary and various benefits. Plaintiff also was eligible for various incentive bonuses.

9. In addition, plaintiff was promised certain equity compensation, essentially stock options.

10. The Employment Agreement could be terminated without cause upon ninety days' notice, in which case plaintiff would receive various forms of compensation, including, but not limited to, continued payment of his base salary for eighteen months ("Severance Pay").

11. Plaintiff assumed the responsibilities of CEO on May 2,

2

2005 and carried them out until November 15, 2006.

12. On or about December 30, 2005, in connection with the restructuring of plaintiff's equity compensation, plaintiff and defendant Aveta entered into a Retention Bonus Agreement.

13. Under the Retention Bonus Agreement, defendant Aveta agreed to pay to plaintiff a retention bonus (the "Retention Bonus").

14. In accordance with the Retention Bonus Agreement, twenty-five percent of the Retention Bonus was paid to plaintiff on December 30, 2005.

15. Paragraph (c)(ii) of the Retention Bonus Agreement specifies that the remaining seventy-five percent of the Retention Bonus, or $1,878,750, will immediately vest and become payable if plaintiff's employment is terminated without cause.

16. On November 14, 2006, Joseph D. Mark, Aveta's president, orally advised plaintiff that plaintiff was being terminated without cause.

17. By e-mail dated November 14, 2006, plaintiff asked for written confirmation that his termination was without cause pursuant to Paragraph 6(d) of the Employment Agreement and that defendant Aveta would honor all of the terms of plaintiff's employment, including Paragraph 7(b)(i) through 7(b)(vi) of the Employment Agreement (concerning compensation to plaintiff upon termination without cause) and Paragraph (c)(ii) of the Retention Bonus Agreement (concerning the payment of the Retention Bonus upon

termination without cause).

18. Later that day, Jonathan P. Rich, defendant Aveta's Senior Vice President, General Counsel, and Corporate Secretary, responded by e-mail to plaintiff, confirming that plaintiff's termination was without cause and that "Aveta Inc and MMM Holdings will abide by all of the terms of your employment contract and retention agreement."

19. Relying upon the statements that his employment was being terminated without cause and that defendant Aveta would honor the contractual commitments to him, plaintiff fully cooperated in the transition necessitated by his termination, including meeting with Aveta's investors.

20. In turn, consistent with his termination without cause, plaintiff was paid during the ninety-day termination without cause notice period and received the other benefits to which he was entitled.

21. Paragraph 7(b) of the Employment Agreement requires that, where there is a without cause termination, plaintiff execute a severance agreement before receiving the post-termination payments and benefits provided for in the Employment Agreement.

22. Again consistent with the fact that it had terminated plaintiff without cause, in December 2006, defendant Aveta tendered to plaintiff a proposed Separation Agreement and General Release (the "Separation Agreement").

23. Following some negotiations, on January 3, 2007, the

4

parties reached agreement on the terms of the Separation Agreement.

24. The final Separation Agreement, like each draft of the Separation Agreement, recites that plaintiff was being terminated without cause.

25. The remainder of the Separation Agreement confirms the various existing post-termination obligations of the parties in a not-for-cause termination.

26. Additionally, the Separation Agreement contains a mutual release and a mutual non-disparagement provision.

27. On January 3, 2007, Mr. Rich e-mailed plaintiff an "execution copy" of the Separation Agreement.

28. In this email, Mr. Rich confirmed that defendant Aveta had accepted plaintiff's last changes but had clarified that the Retention Bonus would be paid on February 15, 2007, the day after plaintiff's last day of employment.

29. Plaintiff signed the Separation Agreement, signifying his acceptance of the terms offered, and, on January 15, 2007, returned the Separation Agreement to MMM and Aveta.

30. As contemplated by the Severance Agreement, Plaintiff's employment with MMM terminated on February 14, 2007.

31. On February 15, 2007, defendant Aveta reneged on the commitments it had made to plaintiff.

32. Defendant Aveta did not pay plaintiff the $1,878,750 Retention Bonus that was due on February 15, 2007.

33. Additionally, defendant Aveta did not pay Severance Pay

to plaintiff on February 15, 2007.

34. Plaintiff was not even paid for the last eight days of his employment.

35. On February 15, 2007, plaintiff was notified that his last day on the payroll would be February 14, 2007 and that no other payments would be processed.

## First Claim For Relief

### (Breach of Contract)

36. Plaintiff incorporates the allegations contained in Paragraphs 1 through 35 of his Complaint as though fully set forth herein.

37. Defendant Aveta has breached its contractual obligations to plaintiff including, but not limited to, failing to pay the Retention Bonus and to make the first installment of Severance Pay due on February 15, 2007.

38. As a result of the breaches by defendant Aveta of its contractual obligations to plaintiff, plaintiff has been damaged.

## Second Claim For Relief

### (Promissory Estoppel)

39. Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 of his Complaint as though fully set forth herein.

40. Defendant reasonably should have expected its promises, including that plaintiff's termination was without cause and that defendant would honor all contractual commitments to plaintiff,

to induce action or forbearance by plaintiff.

41. Plaintiff did in fact act and forbear from acting in reliance upon the assurances of defendant, including by lending assistance and fully cooperating in the transition necessitated by his termination.

42. Injustice can be avoided only by enforcing defendant's promises.

43. As a result of defendant's breaches of its promises to plaintiff, plaintiff has been damaged.

### Prayer For Relief

WHEREFORE, plaintiff, Val C. Dean, M.D., prays that this Court enter judgment in his favor and against Defendant, Aveta, Inc., in an amount to be determined at trial including, but not limited to the following:

    (a) The unpaid Retention Bonus;

    (b) All unpaid Severance Pay;

    (c) Compensatory damages;

    (d) Pre-judgment and post-judgment interest;

    (e) Attorneys' fees;

    (f) Costs of this action; and

    (g) Such other and further relief as this Court deems just.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

                    Respectfully submitted,

                    WILENTZ, GOLDMAN & SPITZER, P.A.
                    Attorneys for Plaintiff,
                      Val C. Dean, M.D.

                By: /s/ Maureen S. Binetti
                    MAUREEN S. BINETTI (MB-7897)

Dated: February 27, 2007